Good morning, Your Honors, and may it please the Court, my name is Margaret Farron from the Federal Public Defender's Office. I'm here today appearing on behalf of the defendant and appellant, Steve Jackson Rodriguez. I'd like to reserve about two minutes for rebuttal, please, and I will be sure to watch my time. The District Court's restitution order to the group homeowner and the image possession victims in this case reflected an abuse of discretion and it should be vacated because it rested on incorrect legal standards and was unsupported by proximate cause. And I'd like to address the award to the group homeowner first. The award of over $87,000 to the group homeowner was improper for two primary reasons that are explained in the briefs. First, the group homeowner was not a victim under the 18 U.S.C. 2259, which is a mandatory restitution statute. The government concedes to that point, right? It does, Your Honor, yes. So the question, it seems to me, on this issue is whether the government waived the ability to get restitution as to the care home under 3663. Your Honor, I think there is actually two. I think that is a question, I think, did the government waive it? And I actually think that it did because it only relied on that section below. It specifically stated that section. That's what the District Court said in the judgment and commitment. That's what permission relied on. But also, I think its plea agreement provided for restitution under this much broader statute of 3663, which sort of really, really expands the category of victims to anybody approximately harmed. And that's really contrary to the understanding of the parties at the time that this plea agreement was entered. 2259 is the mandatory restitution statute that's applicable to these offenses. That's what the government cited. The word victim has a very different meaning for child sexual exploitation offenses that are all of the offenses in this case. The victim harmed. That is, under the statute, 2259B2B, the person impacted. I think even the government admits that's a much narrower definition than under 3663. You suddenly get to anybody who can show proximate cause. So, assuming all that's right, how do you get through the third prong of the plain error standard that substantial rights were affected? If the plea agreement said that has a broader definition of victim, which he agreed to, what was the substantial amount of rights? I'm sorry, Aaron. I actually don't think that that's right. I don't think the plea agreement did agree to that. I don't think he agreed to a broader definition of victim in his plea agreement. Because if you look at the plea agreement, it does use the word victim. But it does that in the context of offenses that are only governed by 2259. It never cites 3663. It says on ER 165, the defendant agrees the court may order restitution to any victims of any of the following for any losses suffered by that victim. And then it talks about the offenses. Who is a victim of offenses that arise under Chapter 110? It's the child. It's the child who's being harmed. The import of this plea agreement under Doe, you have to look at what do the parties intend in this plea agreement. They intend to make restitution to the children. There was no discussion in this plea agreement. All right. If I could just jump in. So plea agreements are contracts. You read them as you would a normal contract. I hear what you're saying. I don't see anything in that language saying the defendant understands he will be required to pay full restitution to the victims of the offense. But that is in any way tabbed into the sexual crime victims in the statute. What is the offense, Your Honor? First of all, I'd like to go to the principle of the ambiguities. The offense is the offense that he pleaded guilty to and was sentenced to life in prison for. The victims of that offense are not necessarily just the children. In that paragraph, let me just wrap this up. There's nothing in this paragraph that says this is limited to the children victims. Your Honor, if it's ambiguous, that ambiguity has to be construed against the government. That's under the Doe case, and that's well established. If it's ambiguous as to who a victim is, it needs to be construed in favor of Mr. Rodriguez. If it's the offense that's defining the victim, let's look at what the offense is. 2259 defines the offense, and it also has a definition of victim. That's in 2259. I'm sorry. I'm looking at CD4. What is a victim? The victim means the individual harmed. Not an individual harmed or any individual harmed. The individual harmed. And if you look at the case law on who is a victim of a child sexual abuse offense, it's the child. It's not anyone who can come into court and show by some proximate causation chain that they were harmed. Although, I do want to also challenge that, Your Honors. Perhaps we can move on to the proximate cause. It should be just before you do. I mean, even if you're correct, there's some ambiguity under the plain error standard. Why should we allow you to make that argument when it's not obvious? Well, Your Honor, I think it is obvious, actually. It is obvious that these principles exist. Plea agreements do need to be construed narrowly. There's a clear definition of victim under 2259, and it's clear how all the parties understood this at the time. How was that? Well, because if you look at the government's restitution submission below, it only cited 2259. It didn't cite 3663 and say that the child care homeowner is a victim because of 3663. The sole citation was to 2259. Same in the pre-sentence report. It cited that. Does your argument that 3663 doesn't apply hinge on the waiver? If you don't otherwise argue that it legally doesn't apply? I do argue that legally it doesn't apply, Your Honor. It was waived, but also because the argument under 3663 says that it was provided for in the plea agreement, which it was not. The plea agreement never mentions 3663. It mentions victim in the context of a- Is there any case authority that says that 3663 is not going to be triggered unless it's specifically referenced in a plea agreement? I don't have specific- I don't have authority that it has to be specifically referenced, although actually, to tell you the truth, Your Honor, I think SOCI actually does support that because in SOCI, the plea agreement actually did reference 3663, and this court said that appears to be an error, actually, because the offenses are covered by the mandatory restitution statute. In that case, it was 2248, Chapter 109A, but it's the same thing, the same language. That has a mandatory restitution statute for victim offense, exactly verbatim, similar to 2259, the victim harmed. And this court said in SOCI, that is the applicable restitution statute to that offense because that's what governs that offense. The parties had such a clear understanding, it would have spelled it out, restitution is excluded under 3663. Your Honor, I think that would be to contravene the case law that says that an ambiguity in a plea agreement has to be construed against the defendant. This would be sort of requiring a clear statement in favor of this reading, but that's not right. I think there is simply no indication, and I think the intent of all the parties here in Doe, it talks about what are the parties trying to do in this agreement? They're trying to dismiss some charges, but still make sure that the victims of those charges receive restitution. Here, four possession charges were dismissed. I'm sorry, four production charges, one possession, and one distribution charge were dismissed. But the party's intent was still to provide restitution to those victims. And so when you look at this paragraph here on ER 165, that's what this is doing. It said, okay, we dismissed those possession charges, but we still want those child victims to get restitution. Nowhere does that suggest that we that applies under 2259. The manager was subject to this greater universe of people, including a care home victim, who I don't actually think, even assuming she could be a victim, I think, your honors, maybe we could also address her showing that she was made here, that the government brought her here. So in the plea agreement, it says, in particular, the defendant agrees that the court may order restitution to any victim of any of the following for any losses suffered by that victim as a result of relevant conduct and conduct that's dismissed. But it uses the word victim, your honor. Any victim. So it doesn't say a victim under particular statutes. It says any victim. But what is a victim? I guess that's the question. It's a law under the statutes. Well, the victim is defined by reference to the offense. It says the victim has to be of the offense or relevant conduct. But the victim is defined by reference to the offense or the conduct. What is the relevant conduct? Well, the relevant conduct here, you know, with respect, your honors, was all sort of the sexual assaults against the children that resulted in the child pornography being produced. That was the conduct. Those were the offenses. Can I ask you this? What if a mother of one of the kids who had been sexually assaulted claimed losses for psychotherapy and emotional counseling? Could you say that she's not a victim in the plea agreement? Under 2259, I think she would fall under section C4. Victim means the individual harmed as the result of a commission. And there's also a provision in there for legal guardians. We assume the crime victim's rights under this section. And it also allows for... So assuming for the victim, but not individually for the guardian's own injuries. Well, I think that that's right. But I think that that mother would be able to recover for the cost of medical services, psychiatric care, physical, and things like that. Yes. Not for the victim, but for herself. I don't know, your honor, that wasn't briefed here. But I think it would have to be construed under here. But I think certainly the idea that it would include a person who suffers economic harm as a secondary downstream result of having another person not accept a residence in a medical care facility is really far down the road from what we're talking about here approximate cause. And so if I might address that just a minute, your honors. Actually, I see I'm sort of at the end of my time here. May I have a couple of minutes to address that? Well, why don't you save it for rebuttal? We'll see what the government argues. And then we'll make sure you're done. Thank you, your honor. I appreciate that. Good morning. May it please the court. Catherine Richmond on behalf of the United States. The government has three arguments to make today. But if I can, I'd like to start with the enforceability of defendant's appellate waiver. Defendant knowingly and voluntarily waived his right to appeal any restitution award in this case. In his plea, defendant was advised of the maximum fines and special assessments to which he was subject. He was also advised that in addition to those fines and special assessments, he would be paying restitution. The fines and special assessments totaled $1.75 million. The combined restitution and special assessments the lower court actually imposed on defendant, however, was significantly under that number. And under Alvarez, Crawford, and Pomazi, which are in harmony with Lowe, this restitution order should be upheld. In Lowe, the concern was that defendant would face unfair surprise when he was ordered to pay money at the end of the case. However, Alvarez, Crawford, and Pomazi hold that when defendant is advised of his total financial liability, including the maximum fines to which he is subjected to, if the ultimate order of restitution that is imposed on him is below those fines, then there is no unfair surprise. The thing I'm struggling with about this argument is in Lowe, we set out this pretty clear rule that says that because restitution doesn't have a statutory measure, we want a reasonably accurate estimate, I believe is the phrase, that the defendant must be given a reasonably accurate estimate of restitution. And here, if we just talk about the care home, I don't see anything in the record to indicate that any sort of estimate was given to this defendant, but that was on the table. Am I wrong about that? No, we agree that Lowe applies here, and we believe that Lowe is enforceable. However, our argument is that Alvarez, Crawford, and Pomazi do not conflict with Lowe. They are in harmony with Lowe, and those are the cases that are instructive here. They're not bailout waiver cases. Those are Rule 11 follow-up cases, right? That's correct, Your Honor, but we believe that the justification and the reasoning behind those cases is applicable here as well. We believe that the fear of Lowe was that a defendant would not understand what he was agreeing to in a plea agreement with regards to his financial liability. But we believe that Alvarez, Crawford, and Pomazi say that when a defendant is on notice, that he could be subject to a high fine. And in this case, the fines and special assessments were $1.75 million. And he knowingly and voluntarily- He was fined and given a restitution order here. That could happen, Your Honor. And then what would you do? Is there a bailout waiver here under that fact pattern? Those facts are different, and that very well could be a low issue, but those aren't the facts that we have here. And in fact, the restitution and special assessments combined that were imposed were far, far lower than the $1.75 million that he was advised- If this is somewhere in the agreement that you may pay some amount of money that's close to what he's paying, then we could dismiss the bailout waiver, or enforce the bailout waiver. Yes, Your Honor, that is our argument. And I believe that is actually what the reasoning of Alvarez, Crawford, and Pomazi say. Because if defending is willing to voluntarily and knowingly waive his rights as to a fine that's $1.75 million, there's no real distinction between him paying some of that money, if it's at or below that figure, to restitution or to fines. And in fact, in the Goodall case, it says that a waiver can still be voluntary and fair if a defendant fully understands the nature of the right and how it would apply in general in the circumstances, even though a defendant may not know the specific detailed consequences. Mr. Laney, we disagree with you, and we look to the merits here. So it seems like the government did screw up on how they apply the restitution, how the basis for restitution, correct? The statute was wrong, and we concede that. The statute that we cited in our plea agreement and the statute we cited in our papers in the lower court was incorrect. But that does not foreclose our ability here on appeal or for you to uphold the restitution award under 3663A. It seems that defendant's argument is that because 3663 was not included in the plea, it cannot be a basis for this court to affirm. But that's simply incorrect. As defense counsel conceded, there is no case that requires that 3663 be included in the plea agreement to be enforceable here. But you would agree that waiver principles apply in this context, right? I'm so sorry, Your Honor, could you say that one more time? Waiver does apply in this context. I understand you don't think that it is triggered here, but do you agree that the government could waive an argument in this context? With regard to 3663? With regard to restitution and the basis for it. I understand what you're saying. Yes, I believe that could happen theoretically, but those aren't the facts before the case. I have two questions to follow on to that. One is, is restitution under 3663 discretionary or mandatory? It's discretionary, Your Honor. All right. And so then, in struggling with figuring out does waiver apply here or not, it seems very clear to me that the government only proceeded under 2259, including in the post-plea agreement restitution request, it said 2259 governs all restitution requests in this case. We did say that, Your Honor. So how is that not waiver? I mean, I understand why it wouldn't be waiver if restitution under 3663 was mandatory. And I think there are cases out there, not in this circuit, but out of circuit, that talk about that distinction of if you've got a mandatory restitution situation, that citing the right legal authority is not determinative. But if it's discretionary, as it is here, and the government clearly was saying, this is the only provision that we're going under, we're not going under the discretionary basis, why wouldn't we apply waiver? In this case, Your Honor, 3663 applies whether the government cited it in its change of, in the plea agreement, if the change of plea or in its sentencing positions. I hear what the court is saying, which is the concern is if the government proceeds on only one theory at the district court, that they have constructively waived their right to raise an argument under 3663. We would hold that we would have to affirmatively say 3663 does not apply. We are abandoning those arguments to find a waiver here. So I understand why you're basically not saying that when you say 2259 governs all restitution requests in this case. By implication, you're saying no other authority is being relied on by the government. Respectfully, Your Honor, I don't agree with that. I think that, I mean, as we frequently find in criminal law, that multiple statutes can apply to the same conduct. So here, if there's a mandatory statute, I think it was fair for the government to say that that applied to all of the conduct. I don't think that forecloses or precludes the applicability of 3663. Well, but in this, it would make an argument that there's no violation of substantial rights here under the Plain Iris Act, right? Given that the restitution could have been ordered anyway. That's exactly correct, Your Honor. The government argues that there was a substantial factual basis in the record that the court made that showed that the award would have been made anyways based on the facts. Well, but we don't know that. As Judge Schwartz just pointed out, 3663.1 was never taken up by the district court. District judge never weighed in on that. And that is discretionary. And it may be that the judge, if asked, as a matter of first impression, which hasn't happened, would say, in my discretion, I decline to award anything to the group homeowner. Here, 2259 has mandatory written all over it. I'm not saying the judge read it necessarily that way for the group homeowner. But there's distinctly a flavor of you must pay something for restitution. You all, including the district judge, were operating under that and that alone at the restitution hearing. So you're kind of suggesting to me you're kind of a harness. No harm, no foul. We can just use a statute that nobody talked about. And the judge never exercised his discretion under it. Just kind of backhoe and say, it's all good. I just, I don't see how you get there. I also, you get a little shorter time. I also want to hear what you say about the desegregation issue. Because I'm concerned about that as well. Yes. Go ahead, yep. I'll address your question first. So I heard Judge Bumate say earlier, I think the government had made a cataclysmic error, some kind of a large error in the plea agreement. I wish I could remember your exact phrasing. And we admit that we cited the wrong statute in the plea agreement. But unlike the lowly government line AUSAs, the district court is assumed to know the law and correctly apply it. And under Nichols, this court is allowed to affirm on the rationale 3663, even if the government didn't include it in its plea agreement or in the sentencing papers. Is that responsive to your first question, Your Honor? Not really, but go ahead. Basically, we should assume that the judge knew the law and applied it, even if the government made a mistake in its argument. No, no, I understand that. But when you say the exercise of a decision is discretionary, I don't think the argument holds that we just assume the judge exercised his or her discretion. It ought to have some basis in the record that this was, in fact, an exercise of discretion. I don't. That's all of it. And you know, I just think it's kind of a, it's a bit of a slick trick to say, OK, we know we were totally wrong under the Sexual Victims Act. But good news, there's this other statute on the shelf. We can just pull it off, slap it on, and go forward. And I don't think in restitution there is criminal sentencing. That's the right way to go. I understand, Your Honor. I just draw the court's attention to 366382, which defines a victim as a person directly and proximately harmed as a result of the commission of offense for which restitution may be ordered. So sort of what the court was asking my defense counsel earlier about the very, very narrow definition of victim in other statutes in 366382 is much broader. And again, the district court was presumed to have both known that and applied it, even if he did not explicitly give a reference to that subsection on the record. Would you address the additional argument in the case? Yes, the possession of victims, Your Honor. This is a plain error standard, which means that the burden is on the defendant to prove that there was a clear and obvious error. Typically, this court has held that it requires a case saying that the lower court was wrong and that the lower court being wrong affected defendant's substantial rights. And here, defendant cannot show that there was a clear and plain error. So as this court knows, Paroline and Golan are the two guiding cases for this area, which shows that defendant's harm must be both attributable to the victim's losses under Paroline and disaggregated under Golan. Your Honor, Justice Donato, Judge Donato, were you asking me to focus on Golan, the disaggregation arguments? Not just as yet, but thank you. Golan, Galen Golan, however you want to say it, but it all comes from Paroline. And I got to be honest with you, counsel, I just think the district judge didn't do anything with respect to proximate cause analysis. Maybe I missed it. I read the colloquy. I read everything else that I could find. I just didn't see any discussion or anything trying to parcel out how the possession could be separated from the original crime against these four victims. Your Honor, if I may, I'd like to start with creating two different groups of the possession victims. So there were four possession victims to whom the statutory mandatory minimum of $3,000 was awarded. And for those victims, there can be no substantial rights affected, because regardless of what the court did, that mandatory minimum would have applied anyways. So one question I have about that, that makes a lot of sense to me, except for it seems pretty clear under the statute that there has to be a calculation or a determination by the district court that the victim suffered loss, actual loss. I mean, maybe we could say, well, it's obvious in a case like this, but there was no finding by the district court that loss was suffered. And then, so before the amendment that gave us the statutory minimum, you had to have a finding of loss was suffered. You had to have a finding of total loss. And then you had to have an award or some determination of what that was going to be. And that's the disaggregation issues, I think. Here, I think that the statute passed saying that you have a statutory floor now. Maybe you don't have to figure out what the total loss is if what ultimately gets awarded is that minimum, which is what happened here. But I'm struggling with why is it, why shouldn't we remand for the district court to actually make a determination that loss, in fact, happened? Two points, Your Honor. First, I respectfully disagree. I think the court did make the findings with regard to that a loss was sustained for the possession victims. And second, I think this is the more substantial point, is that the record was full of submissions from the victim's counsel to the government, which were submitted to the probation office and to the court. This is hundreds of pages that's included in the record here about the losses that the victims suffered, about how they had to receive psychological counseling, about how they had been taken out of school, and how those losses were ongoing. Didn't we have some victims in this case that were awarded restitution that, for example, didn't even know that the images of them were out there and being viewed? No, I don't think so, Your Honor. Because every time the government receives a restitution request, it means that those victims have been notified that their images are part of a criminal case, and they have the ability to ask the government to seek restitution on their behalf. We don't, and we didn't in this case just blindly seek restitution for any victim. The victims request that we seek restitution on their behalf. All right, I thought that was in the record, but I'll go back and check. Counsel, didn't the defendant concede the amounts for those victims anyway? Yes, Your Honor. So there's no reason to go through the record line by line? Especially with regard to the mandatory minimum victims. But even with regard to the victims who got $2,000 over the mandatory minimum, there were literally hundreds of pages of records submitted to the district court, which he said that he had reviewed. And we believe that was the basis, that is the basis for the award. But was he able to decide or did he? I respectfully disagree, Your Honor. If you look at the total losses that were submitted for the $5,000 victims, that is the victims who were awarded $5,000, their losses are far, far in excess, as stated in their papers, from the $5,000 that's attributable to defendant. All right, any other questions for the witness? All right, thank you, counsel, for your argument. Let's give three minutes for rebuttal. Thank you, Your Honor, I appreciate that. Just a few points. I wanted to address the appellate waiver issue briefly. The government seems to be completing Alvarez, Crawford, and Ponrasi with a low inquiry, and it's a completely separate question. Those cases were dealing with harmlessness, low is dealing with waiver, and whether a waiver was voluntary and intelligent. Those are two separate questions. So whether a person, just the fact that we can look back in hindsight and say, oh, well, you know, there was a much greater fine, that means that he would have accepted this agreement anyway. They don't need to undo the plea. That's fine. That's those cases. But when you're at the outset saying, has this person voluntarily and intelligently waived the right to make any appellate claim as to the award of restitution? Low says there needs to be some notice. Low goes into the fact that the history of that rule and where it comes from, there was always a notice requirement. So it's a completely separate issue, and this court should apply low here. Second, I wanted to talk about this discretionary idea that we can just simply like pluck a statute out of the air that no party ever thought about below. That's really inappropriate to do, and it's especially inappropriate in this case to assume that the district court would have awarded this very large discretionary award here, because there was actually quite a bit of discussion at the restitution hearing about Mr. Rodriguez's finances. The court and counsel were sort of talking about this home that was listed as being an asset of his, but it was unclear as to whether it was really his or not. There might have been a fraudulent transfer. That was what the government was trying to say. Then there was evidence weighing against that. The court ultimately said, well, you know what? This is mandatory. I have to impose this restitution, and you guys will sort it out later. Okay, fine, under 2259, but it's just, it would be very, very inappropriate to just on appeal affirm this under a discretionary statute when there was actually quite a complicated set of facts below that was not resolved under the understanding that this was mandatory. We don't know what the district court would have done. Finally, I wanted to address the proximate cause issue just a little bit. I'm sorry, I do have a question on that disaggregation argument. Given that the defense counsel conceded the amounts, how is that not a harmless error? I think conceding an amount and conceding the applicable legal standard are perhaps two different things. I do think that, as your honors noted, that No, we're talking about, I'm sorry, between the 3,000 and 5,000 amounts. Well, so I think the counsel below, I guess I would have to look back, your honor. He may have just said, I'm conceding the amount, certainly conceding the amount, I'm not challenging calculations. I think when counsel said that, he was talking about the group homeowner, if I'm not mistaken. I'm sorry, let me just. It's not a challenge. I think that argument by defense counsel below was as to the group homeowner's award, and he was arguing about proximate causation there. So I think that proximate I can attribute that with my recollection too, but do you have a cite handy? I could just go back to look after that. Yes, your honor. I can find that. The restitution, ER 25 through 28, it says that the only argument I'd like to make is to focus on the group home without challenging the calculation. I think as to the group home. Yeah, that's what I was saying. Like, you know, I'm okay with big amounts, you know, 3,000, 5,000 amounts, but that's 87,000, that's where I'm focused. I guess I didn't understand that to be what counsel was saying. I think what counsel was saying here was he was challenging, I think he was challenging proximate causation as to the group homeowner. I think that's what I'm saying on appeal too, is I'm not really, it's not so much the 87,000 number that I'm talking about. It's the showing that was made below as to how we get there. Right, but I guess my problem is, you know, you're saying now on appeal that the district court failed to state on the record this disaggregation and the, you know, the amount that's caused by the possession, but the calculations seemed conceded to below. So why would the district court have to go through all that? I don't think that there was a concession below, your honors. I think that, I don't, I don't think there was much discussion below. What I would like to make is to focus on the group home without challenging the calculation. The group, focus on the group home without challenging the calculation, and that's in the midst of a paragraph where he talks about proximate cause. I read the statute, which reads compensation as a result of, and I, see, I guess I see this whole, everything that ensues here, everything that counsel's talking about here is relating to the group homeowner. I think. Nothing was raised about the 3,000 versus 5,000, so why is that not conceded? I think it's, I don't think it was, I think there's a waiver forfeiture question here. Certainly there was no waiver because counsel never came out and said, as I've never seen in the record here, that he came out and said these are correct and we don't want to challenge this at all. At most he forfeited it, but then I think the error is clear because Paroline and 2259 both do set forth this required two-step analysis, calculate the total amount of the victim's losses as a result of the trafficking in the images. Then step two, 2259b, 2b, and Paroline and Galen all say very clearly that you have to see what was the defendant's relative role in the causal process. So that's just a legal standard that just wasn't applied. And I understand that counsel didn't bring that up below, but I think that brings us to the plain error standard here, and the error was clear because that legal standard just was never engaged with at all. So, and. Here we are over time. Any further questions from my colleagues? Thank you, Your Honor. The matter of United States v. Rodriguez is submitted.
judges: FORREST, BUMATAY, Donato